THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| NIGEL SNOOKEROO MCCARTNEY,<br><br>Petitioner,<br><br>v.<br><br>JIM ARNOTT,<br><br>Respondent. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br><br>Case No. 1:22-CV-72-DAK<br><br>District Judge Dale A. Kimball |

Petitioner, Nigel Snookeroo McCartney AKA Taylor AKA Gary Taylor Kruitbosch, filed this habeas-corpus petition, *see* 28 U.S.C.S. § 2254 (2023), in which Petitioner attacks the same 1990 sexual-abuse-of-a-child conviction that Petitioner challenged in at least three past unsuccessful petitions in this Court, (ECF No. 16). *See Kruitbosch v. Galetka*, 2:00-CV-694-TC (D. Utah Jan. 29, 2002) (denying habeas relief for untimeliness); *Kruitbosch v. Galetka*, 2:98-CV-734-DS (D. Utah Dec. 8, 1998) (denying habeas relief for untimeliness and failure to exhaust); *Kruitbosch v. McCotter*, No. 2:93-CV-811-DS (D. Utah Apr. 6, 1994) (denying habeas relief as to claim of induced guilty plea). The current petition is thus deemed "second or successive." *See* U.S.C.S. § 2244(b) (2023).

The Court lacks jurisdiction over this second or successive habeas application absent the Tenth Circuit Court of Appeals's prior authorization to file it. *See id.* § 2244(b)(3)(A). Because Petitioner has not sought such authorization, the petition's merits may not be considered.

Still, this misfiled petition may be transferred to the court of appeals "if . . . it is in the interest of justice." *Id.* § 1631. In determining here that a transfer would not be in the interest of

justice, the Court has examined whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). It should have been obvious to Petitioner, upon receiving many federal-court orders on past federal habeas petitions--cited above--that Petitioner's claims were unlikely to have merit; the current petition was not filed in good faith; and this Court would lack jurisdiction over such a second or successive petition. It is therefore not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals.

**IT IS ORDERED** that:

**(1)** Respondent's Motion to Dismiss is **GRANTED**. (ECF No. 23.)

**(2)** Based on lack of jurisdiction, this unauthorized second or successive habeas-corpus petition is **DISMISSED** without prejudice. (ECF No. 16.)

**(3)** A certificate of appealability is **DENIED**.

DATED this 30th day of October 2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge